**Local Official Form 104**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re: MARCUS DEANGELO FIELDS** | **Case No. _26-444_** |
| **Debtor 1** | **Chapter 13** |
| | **Hearing Date: _10/29/26_** |
| **Debtor 2** | **Date of Plan: _9/16/26_** |

**CHAPTER 13 PLAN & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION**

■ Original Plan

☐ Amended Plan. Listed below are the parts of this Plan that have been changed and the creditors affected by the amendment.

☐ Modified Plan. Listed below are the parts of this Plan that have been changed and the creditors affected by the modification.

The Plan provisions changed by this filing are:

______________________________

______________________________

Affected Creditors:

______________________________

______________________________

## Part 1. Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in this judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. A proof of claim must be filed to receive any payment from the Trustee.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed. *See* Bankruptcy Rule 3015.

The following matters may be of particular importance. **The *Debtor(s) must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.***

| | | | |
|---|---|---|---|
| **1.1** | Nonstandard provisions, set out in Part 9.1. | ☐ Included | ■ Not Included |
| **1.2** | A limit on the amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor, as set out in Part 5.4. | ☐ Included | ■ Not Included |
| **1.3** | Avoidance of a security interest or lien, as set out in Part 5.3. | ☐ Included | ■ Not Included |

**Local Official Form 104**

**Part 2: Plan Payments and Length of Plan**

**2.1 The Debtor(s)' future earnings are submitted to the supervision and control of the Chapter 13 Trustee, and the Debtor(s) will pay as follows:**

$_____700___ _ per month for __60_____ month(s),

$_____________ per month for _______ month(s), and

$_____________ per month for ______ month(s), for a total term of _60_______ months.

The Debtor(s) must make monthly payments commencing no later than 30 days after the petition date.

**2.2 Regular payments to the trustee will be made in the following manner (check all that apply):**

☐ The Debtor(s) will make payments pursuant to a payroll deduction order. **The Debtor(s) is/are responsible to make payments to the Trustee until any payroll deduction order is in effect.**

X The Debtor(s) will make payments directly to the Trustee.

☐ Other (specify method of payment) ____________________________________________.

**2.3 Income Tax Returns and Refunds:**

Unless otherwise directed by the Chapter 13 Trustee, the Debtor(s) will supply to the Chapter 13 Trustee a copy of each income tax return that the Debtor(s) file(s) during the Plan term within 14 days of filing the return.

Check one box:

X The Debtor(s) will retain any income tax refunds received during the Plan term.

☐ For each year during the Plan term, the Debtor(s) will turn over to the Trustee the amount of refund exceeding $_____________, not later than 30 days after receipt. The tax refunds are in addition to, and not a credit against, the other payments required to be paid under the Plan.

**2.4 Additional Payments:**

Check one box:

X None. *If "None" is checked, the rest of Part 2.4 need not be completed.*

☐ The Debtor(s) will make additional payments to the Trustee from other sources specified below. Describe the source, estimated amount, and date of each anticipated payment.

______________________________________________________________________

______________________________________________________________________

**2.5** The Total amount of estimated payments to the trustee provided for in Parts 2.1 and 2.4 is $42,000_____________.

**Part 3: Treatment of Administrative and Priority Claims**

**3.1 Trustee Commission.** The Trustee's fees are governed by statute and may change during the course of the case, not to exceed 10% of all amounts received under the Plan. The Trustee's fee shall be paid under 11 U.S.C. § 1326(b)(2) and will make distributions in the order listed pursuant to Local Rule 3015-5 unless otherwise ordered by the Court. Any deviation from the order of distribution must be set forth in Part 9, Non-Standard Provisions. Allowed claims entitled to priority under 11 U.S.C. §§ 507(a)(1) and (2) will be paid in full. Any interest required to be paid on administrative claims for taxes shall be governed by 11 U.S.C. § 511.

**Local Official Form 104**

**3.2 Attorney Fees.**

Check one box:

X Debtor(s)' attorney has chosen to be compensated pursuant to the Presumptively Reasonable fee under Local Bankruptcy Rule 2016-2. The balance of fees owed to the Debtor(s)' attorney is $6750

☐ Debtor(s)' attorney has chosen to be compensated pursuant to a Fee Application and must submit the application as set forth in Local Rule 2016-2. No fees will be paid absent order of the Court. The balance of fees owed to the Debtor(s)' attorney is estimated to be $_____________.

**3.3 Domestic Support Obligations.**

X None. *If "None" is checked, the rest of Part 3.3 need not be completed.*

☐ Allowed domestic support claims pursuant to § 507(a)(1) shall be paid prior to other priority creditors but concurrently with administrative claims in Part 3.2 above. The total § 507(a)(1) domestic support claims are estimated to be $_____________.

| Name of Creditor | Estimated Claim |
|---|---|

☐ Domestic support payments under § 507(a)(1)(B) and paid less than full amount. Allowed domestic support claims assigned to or owed to a governmental unit pursuant to 11 U.S.C. § 507(a)(1)(B) will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This Plan provision requires payments in Part 2.1 to be for a term of 60 months.*

| Name of Creditor | Estimated Claim | Amount of Claim to be paid |
|---|---|---|

**3.4 Priority Claims other than Attorney Fees and Domestic Support Claims.**

The following priority creditors, defined by 11 U.S.C. §§ 507(a)(3)-(10), will be paid in full by deferred cash payments, pro rata with other priority creditors:

Check one box:

☐ None. *If "None" is checked, the rest of Part 3.4 need not be completed.*

X

| Priority Creditor | Estimated Claim Amount |
|---|---|
| IRS | $2036 |
| DC Office of Tax & Revenue | $500 |

**Part 4: Treatment of Secured Claims**

☐ None. *If "None" is checked, the rest of Part 4 need not be completed.*

**4.1 General Provisions:** The terms and conditions included in this Part 4.1 apply to all remaining subjections of Part 4.

If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for the purposes of distribution under the Plan.

The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

If relief from the automatic stay is ordered to a lienholder as to any item of collateral listed in this Part, then, unless otherwise ordered by the Court, all payments to said lienholder under Part 4 as to that collateral will cease.

Unless the Court orders otherwise, the lienholder may amend a timely filed proof of claim to assert a claim for an unsecured deficiency claim remaining after enforcement of its lien as follows: (a) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **real property** shall be filed no later than **180** days after entry of the order granting relief; (b) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **personal property** (that is, anything other than real estate) shall be filed no later than **60** days after entry of the order granting relief.

**4.2 Maintenance of Payment and Cure of Default, if Any, on Allowed Claims Secured by Real Property.**

Check one box:

X None. *If "None" is checked, the rest of Part 4.2 need not be completed.*

☐ The Debtor(s) will maintain by **direct payments** the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and notice in conformity with any applicable rules. Any existing arrearage on a secured claim will be paid in full through disbursements by the Trustee. Unless otherwise ordered by the Court, the amount listed on a filed proof of claim controls over any contrary amount listed below as to the arrearage.

| Name of Creditor | Description of Collateral | Estimated Amount of Arrearage |
| --- | --- | --- |

☐ The Debtor(s) will maintain by **payments disbursed by the Trustee** the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and notice in conformity with any applicable rules. In addition, any existing arrearage on a secured claim will be paid in full through disbursements by the Trustee. Unless otherwise ordered by the Court, the amount listed on a filed proof of claim controls over any contrary amount listed below as to the arrearage.

| Name of Creditor | Description of Collateral | Estimated Amount of Arrearage | Estimated Monthly Payment |
| --- | --- | --- | --- |

**4.3 Maintenance of Payment and Cure of Default, if Any, on Allowed Claims Secured by Property Other than Real Property.**

Check one box:

X None. *If "None" is checked, the rest of Part 4.3 need not be completed.*

☐ The Debtor(s) will maintain by **direct payments** to the creditors listed below the regular contract monthly payments that come due during the period of this Plan. The pre-petition arrearages on such debts shall be cured by the Trustee pro rata with other secured claims.

| Name of Creditor | Description of Collateral | Regular Contract Payment | Estimated Arrearage |
| --- | --- | --- | --- |

☐ The Debtor(s) will maintain by **payments disbursed by the Trustee** the regular contractual monthly payments to the creditors listed below that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee pro rata with other secured claims.

| Name of Creditor | Description of Collateral | Regular Contract Payment | Estimated Arrearage |
| --- | --- | --- | --- |

**Local Official Form 104**

**4.4 Secured Claims Paid Through Plan.**

Check one box:

☐ None. *If "None" is checked, the rest of Part 4.4 need not be completed.*

X The following secured claims will be paid in full through the Plan with interest at the rate stated below. These payments will be disbursed by the Trustee.

| Name of Creditor | Description of Collateral | Estimated Amount of Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| Brandywine Crossing condo | Residence | $21,454.86 | 8.0% | As funds are available |
| DC Office of Tax & Revenue | Residence | $3000 | 7.0% | |

**4.5 The Debtor(s) will surrender collateral to the lienholder.**

Check one box:

X None. *If "None" is checked, the rest of Part 4.5 need not be completed.*

☐ The Debtor(s) will surrender the collateral listed below to the respective lienholder. Describe the collateral securing the claim. Upon Plan confirmation, the automatic stay of 11 U.S.C. § 362(a) be terminated as to the collateral only and the co-debtor stay of 11 U.S.C. § 1301(a) terminates in all respects, if not terminated earlier, as to the collateral listed:

| Name of Creditor | Description of Collateral |
|---|---|

**4.6 Secured Claims that are to be paid outside of the Plan.**

Check any applicable boxes:

X None. *If "None" is checked, the rest of Part 4.6 need not be completed.*

☐ The Debtor(s) will pay directly outside of the Plan all secured claims that are listed below, including any arrearages. The holder of the claim shall retain its lien (or right of setoff) after completion of the Plan and entry of any discharge. The Debtor(s) shall begin current contractual payments in the first month after the filing of the case.

| Name of Creditor | Description of Collateral | Estimated Arrearage |
|---|---|---|

## Part 5: Valuation of Security Interests and Treatment of Liens

X None. *If "None" is checked, the rest of Part 5 need not be completed.*

**5.1 General Provisions:** The terms and conditions included in this Part 5.1 apply to all remaining subsections of Part 5.

**Local Official Form 104**

The Debtor(s) request(s) that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state(s) that the value of the secured claim should be as set out in the column headed "Name of Creditor." For each listed claim, the secured claim will be paid pursuant to Part 4.

With respect to each allowed secured claim provided for in the Plan, the holder of such secured claim will retain the listed lien on the indicated property interest until the earliest of the following:

a) Payment of the underlying debt determined under nonbankruptcy law, or
b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor, or
c) If the Debtor(s) cannot receive a discharge as provided in 11 U.S.C. § 1328(f), the notice of Plan Completion.

If the case is dismissed or converted without completion of the Plan, liens shall also be retained by the holders to the extent recognized under applicable nonbankruptcy law.

**5.2 Valuing a Claim or Avoidance of a Lien by Separate Motion or Adversary Proceeding.**

☐ None. *If "None" is checked, the rest of Part 5.2 need not be completed.*

☐ The Debtor(s) will seek valuation of a claim or avoidance of a lien through a separate motion or Adversary Proceeding. The amount of the secured claim will be set by Court order, with the interest rate set forth below, unless the Court orders otherwise. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 6 of this Plan to the extent allowed.

For each claim listed, the value of the secured claim will be paid with interest in full through the Plan, at the valuation determined by the Court.

| Name of Creditor | Estimated Amount of Creditor's Claim | Description of Collateral | Value of collateral | Amount of Claims Senior to Creditor's Claim | Secured Claim to Be Paid Through Plan | Interest Rate |
|---|---|---|---|---|---|---|

**5.3 Request for avoidance of a lien pursuant to 11 U.S.C. § 522(f) through the Plan.**

☐ None. *If "None" is checked, the rest of Part 5.3 need not be completed.*

☐ The Debtor(s) seek(s) to value a claim or avoid a judicial lien and/or nonpossessory, non-purchase money security interest pursuant to 11 U.S.C. § 522(f) through this Plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 6 of this Plan to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full under the Plan at the interest rate listed below.

If the lienholder has not filed a proof of claim, evidence of the following should be filed separately or as an exhibit to the Plan: (i) the collateral's value; (ii) the existence of all other liens; (iii) the amount of each debt secured by the collateral; and (iv) the name, address, and nature of ownership of any non-debtor owner of the property. **This supplemental material need only be served on affected creditors and not on all creditors.**

*Insert additional claim boxes as needed.*

**Information regarding judicial lien or security interest**

Name of Creditor

________________________

Description of Collateral

________________________

Lien identification

**Calculation of lien avoidance**

a. Amount of lien $___________

b. Amount of all other liens $___________

c. Value of claimed exemptions $___________

d. Total of adding lines a, b, and c $___________

**Local Official Form 104**

________________________

e. Value of Debtor(s)' interest in property $___________

f. Subtract line e from line d $___________

Extent of exemption impairment
(check applicable box)

☐Line f is equal to or greater than line a. The entire lien is avoided.

☐ Line f is less than line a. A portion of the lien is avoided. (**Complete the next part**)

**Treatment of remaining secured claim**:

| **Amount of Secured Claim After Avoidance (Line a Minus Line f):** | **Interest Rate (If Applicable):** |
|---|---|
| | |

**5.4 Request for valuation of security or avoidance of liens under § 506 through the Plan.**

☐ None. *If "None" is checked, the rest of Part 5.4 need not be completed.*

☐ The Debtor(s) seek(s) to value a claim or avoid a lien under 11 U.S.C. § 506 through the Plan. If the lienholder has not filed a proof of claim, evidence of the following should be filed separately or as an exhibit to the Plan: (i) the collateral's value; (ii) the existence of all other liens; (iii) the amount of each debt secured by the collateral; and (iv) the name, address, and nature of ownership of any non-debtor owner of the property. **This supplemental material need only be served on affected creditors and not on all creditors.**

The amount and interest rate of the claim is set as listed below or by superseding Court order. For each claim listed, the value of the secured claim will be paid in full with interest at the rate listed below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 6 of this Plan to the extent allowed.

| **Name of Creditor** | **Estimated Amount of Creditor's Claim** | **Description of Collateral** | **Value of Collateral** | **Amount of Claims Senior to Creditor's Claim** | **Secured Claim to Be Paid Through Plan** | **Interest Rate** |
|---|---|---|---|---|---|---|
| | | | | | | |

## Part 6: Treatment of Nonpriority Unsecured Claims

**6.1 Nonpriority unsecured claims not separately classified.**

☐ Allowed nonpriority unsecured claims that are not separately classified in Part 6.2 will be paid pro rata. Approximately ___0____% of the total amount of these claims, an estimated payment of $____0_________.

☐ 100% of allowed nonpriority unsecured claims that are not separately classified in Part 6.2, an estimated payment of $_____________.

If the estate of the Debtor(s) was/were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____0_________. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**6.2 Other separately classified nonpriority unsecured claims.** Check one.

X None. *If "None" is checked, the rest of Part 6.2 need not be completed.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for Separate Classification and Treatment | Treatment |
|---|---|---|

**Part 7: Executory Contracts and Unexpired Leases**

**7.1**. The executory contracts and unexpired leases listed below are assumed and/or rejected as specified. All other executory contracts and unexpired leases are rejected. Check all that apply.

X None. *If "None" is checked, the rest of Part 7.1 need not be completed.*

☐ **Executory contracts and unexpired leases to be rejected**. The Debtor(s) reject the following executory contracts:

| Name of Creditor | Type of Contract |
|---|---|

Any claim for rejection damages must be filed within 60 days from entry of the order confirming this Plan.

☐ **Executory contracts and unexpired leases to be assumed**. The Debtor(s) assume the following executory contracts:

| Name of Creditor | Type of Contract | Cure Amount and Term(s) |
|---|---|---|

**Part 8. Miscellaneous**

**8.1 Adequate Protection Payments for Claims Secured by or Subject to a Lease of Personal Property.**

X None. *If "None" is checked, the rest of Part 8.1 need not be completed or reproduced.*

☐ Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor(s) will directly pay adequate protection payments for claims secured by or subject to a lease of personal property for the Claims Listed Below. After confirmation of the Plan, the claims will be paid under Part 4. Make sure to list the amount of the monthly payment the Debtor(s) will pay before confirmation and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim.

| Lessor/Lienholder | Property/Collateral | Acct. No (last 4 numbers) | Monthly Payment |
|---|---|---|---|

**8.2 Revesting Property of the Estate.**

Property of the estate shall revest in the Debtor(s) upon:

(a) the Debtor(s) is/are granted a discharge pursuant to 11 U.S.C. § 1328;
(b) the Trustee files a notice of Plan completion if by reason of 11 U.S.C. § 1328(f) the Debtor(s) cannot receive a discharge; or
(c) the case is dismissed.

**8.3 Incurrence of Indebtedness.**

The Debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon written notice and approval from the Trustee. Nothing herein shall prohibit the Debtor(s) from filing a motion for Court approval indebtedness in any amount.

**Local Official Form 104**

**Part 9: Non-standard Provisions**

**9.1 Check "None" or List Nonstandard Plan Provisions.**

X None. *If "None" is checked, the rest of Part 9.1 need not be completed.*

☐ Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this Plan are ineffective.

**The following Plan provisions will be effective only if there is a check in the box "Included" in Part 1.1:**

**Part 10: Signatures**

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.**

The Debtor(s)' signature(s) below certify(ies) that the Plan provisions above are all the terms proposed by the Debtor(s), and the Debtor(s) has/have read all the terms.

x__/s/ Marcus Deangelo Fields____________________
Signature of Debtor 1
Executed on _____9/16/26____________________

x________________________________________
Signature of Debtor 2
Executed on _________________________

x__/s/ Daniel M. Press

Date __9/16/26__________________

Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), and if represented by an attorney the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Local Form 14, other than any nonstandard provisions included in Part 9.1.

**Local Official Form 104**

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**

Check all that apply:

☐ **AMENDED PLANS ONLY INCREASING PAYMENTS**: The Amended Chapter 13 Plan ☐ filed herewith / ☐ filed on ________________, 20__, makes no changes from the last previously-filed Plan other than to increase the amount payable under the Plan. In such event, no service is required.

☐ A separate certificate of service shall be filed pursuant to Federal Rule of Bankruptcy Procedure 7004.

X I certify that on ___9/16/26_________________, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_/s/ Daniel M. Press___________

Daniel M. Press, #419739
Law Offices of Daniel M Press
201 Washington St
Cumberland MD 21502
(703) 725-7600
dan@danpress.us

Label Matrix for local noticing
0090-1
Case 26-00444-ELG
United States Bankruptcy Court for the Distri
Washington, D.C.
Wed Sep 16 22:41:17 EDT 2026

Washington, D.C.
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001-2802

Alderman, Devorsetz & Hora
1025 Connecticut Avenue NW
Suite 315
Washington, DC 20036-5446

Brandywine Crossing I Condominium Unit Owner
c/o Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave NW, Suite 615
Washington, DC 20036-5446

Carson Properties, LLC
PO Box 5142
Upper Marlboro, MD 20775-1142

(p)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
7 ST PAUL STREET SUITE 230
BALTIMORE MD 21202-1626

(p)CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

DC Central Collection Unit
1101 4th St SW Suite W270
Washington, DC 20024-4457

DC Office of Tax and Revenue
1101 4th Street SW
Suite 270
Washington, DC 20024-4457

First Premier
3820 N Louise Ave
Sioux Falls, SD 57107-0145

IRS
PO Box 7346
Philadelphia, PA 19101-7346

Kamili DeFreitas
705 Brandywine St SE #204
Washington, DC 20032-3553

Latino Economic Dev Corp
2316 18th St NW
Washington, DC 20009-2395

Maryland Central Collection Unit
300 West Preston St
Baltimore, MD 21201-2307

(p)PEPCO
LEGAL SERVICES
PEPCO HOLDINGS INC
701 NINTH ST NW SUITE 1100
WASHINGTON DC 20068-0001

U. S. Trustee for Region Four
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314-3489

Daniel M. Press
Law Office of Daniel M. Press
201 Washington St
Cumberland, MD 21502-2880

Marcus Deangelo Fields
705 Brandywine St. SE
#204
Washington, DC 20032-3553

Rebecca A. Herr
185 Admiral Cochrane Dr
Ste 240
Annapolis, MD 21401-7623

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of Maryland
7 St Paul St
Baltimore, MD 21202

Credit Acceptance Corporation
25505 W 12 Mile Rd
Southfield MI 48034

Pepco
PO Box 97274
Washington, DC 20090

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 18 |
| Bypassed recipients | 0 |
| Total | 18 |